## In re PALEAIS.

(District Court, E. D. New York. June 2, 1924.)

**Bankruptcy ⬅136(2)—Application to purge bankrupt of contempt and relieve him of compliance with order requiring papers to be turned over denied.**

Where court is satisfied bankrupt's claim that he is unable to comply with an order requiring him to turn over books and papers is false, and he has been imprisoned for failure to do so only a few days, an application to purge him of contempt and relieve him of compliance with order will be denied, with permission to renew it after he has been in prison six months.

In Bankruptcy. In the matter of Adolph Paleais, bankrupt. On motion for an order to purge bankrupt of contempt and relieve him of further imprisonment. Motion denied, with permission to renew it after bankrupt has remained in custody six months.

Joseph G. M. Browne, of New York City, for petitioner.

Robert P. Levis, of New York City (David B. Tolins, of New York City, of counsel), for trustee.

GARVIN, District Judge. This is a motion by the bankrupt for an order purging him of contempt of court, and relieving him of further imprisonment under an order of this court entered March 22, 1923, and further relieving him of compliance with a turn-over order made by this court, dated October 3, 1922, for the failure to comply with which he was adjudged in contempt and committed to jail.

At the outset it should be clearly understood that the bankrupt has actually been in custody but a very few days, and more than a year. ago, although the turn-over order was made nearly a year and eight months since. During all this time he has managed to escape actual punishment through various proceedings by which he has attempted to avoid the effect of the order of the court. The turn-over order was made as a result of a careful investigation, during which the bankrupt's explanation of the disappearance of his books and papers was made, an explanation which a special commissioner and the court rejected as wholly unworthy of belief. The reported decisions ([C. C. A.] 287 Fed. 1022 [two cases], and United States v. Moore [C. C. A.] 294 Fed. 852), the latter in particular, recite fully the facts, and this court can do no more than to state with emphasis that it still believes that the bankrupt is fraudulently concealing his books, and that to set him at liberty now would be to invite like action by other dishonest debtors similarly situated.

There are few cases which reveal a more determined effort (by technical and other objections) to escape the consequences of a willful disobedience of court than the case here presented. The court fully appreciates that the bankrupt is not to be deprived of his liberty indefinitely, nor perhaps for any considerable length of time, if he persists in adhering to his present position. Satisfied as the court is, however, of the continued false statements by the bankrupt as to his inability to comply, this motion for an order purging him of contempt

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is denied, with permission to renew after the bankrupt has remained in custody six months. At the end of that time he may renew this application, and after the court is satisfied that further imprisonment will have no effect, undoubtedly prompt action directing his release will be taken.